KAVANAUGH, Circuit Judge,
concurring:
This case is novel: The Government has obtained a false statements conviction under 18 U.S.C. § 1001 against an individual who signed the wrong name on a postal delivery form. I join the Court’s opinion. I add these brief concurring comments because this case highlights one of the difficult issues that can arise in prosecutions under the ever-metastasizing § 1001 — namely, the mens rea requirements for the statute, which by its text proscribes only those false statements that are “knowingly and willfully” made.
Federal prosecutors tried Moore twice for various drug offenses, but both times the jury hung. In the second trial, prosecutors tacked on a false statements charge under § 1001. The charged false statement? Moore signed the wrong name on a Postal Service delivery form, PS Form 3849. Unlike many government forms, PS *703 Form 3849 contained no warning that an inaccurate statement might be a crime. And it is not otherwise clear that Moore (or most people) would know that signing the wrong name on a postal delivery form is a crime. But the defense did not request a knowledge-of-law instruction, and the District Court did not require the Government to prove that the defendant knew his conduct was unlawful. Moore was convicted of the false statements count and sentenced on that charge alone to five years in prison.
As many others have noted, § 1001 prosecutions can pose a risk of abuse and injustice. In part, that’s because § 1001 applies to virtually any statement an individual makes to virtually any federal government official — even when the individual making the statement is not under oath (unlike in perjury cases) or otherwise aware that criminal punishment can result from a false statement. See, e.g., Alex Kozinski & Misha Tseytlin, You’re (Probably) a Federal Criminal, in In the Name of Justice 43, 47 (2009) (“Your mom taught you not to lie, but she probably didn’t tell you that making a false statement to any federal official dealing with any matter in his jurisdiction will make you a federal criminal.”); cf. United States v. Yermian, 468 U.S. 63, 82, 104 S.Ct. 2936, 82 L.Ed.2d 53 (1984) (Rehnquist, J., dissenting) (§ 1001 can be used to punish “the most casual false statements so long as they turned out, unbeknownst to their maker, to be material to some federal agency function .... [making] a surprisingly broad range of unremarkable conduct a violation of federal law”) (internal quotation marks omitted).
Proper application of statutory mens rea requirements and background mens rea principles can mitigate the risk of abuse and unfair lack of notice in prosecutions under § 1001 and other regulatory statutes. In § 1001 cases, that means proof that the defendant knew that making the false statement would be a crime. To be sure, “ignorance of law is no defense” is a hoary maxim. But it does not automatically apply to today’s phalanx of federal regulatory crimes. See Wayne R. LaFave, Criminal Law § 5.6, at 298-311 (5th ed. 2010). For some regulatory offenses— particularly statutes like § 1001 that proscribe only “willful” conduct — the Supreme Court has recognized an ignorance-of-law or mistake-of-law defense, or has required affirmative proof of the defendant’s knowledge that his or her conduct was unlawful. See Bryan v. United States, 524 U.S. 184, 191-92, 118 S.Ct. 1939, 141 L.Ed.2d 197 (1998); Ratzlaf v. United States, 510 U.S. 135,141-49, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994); Cheek v. United States, 498 U.S. 192, 199-201, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991); Lambert v. California, 355 U.S. 225, 229-30, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957); cf. Liparota v. United States, 471 U.S. 419, 425-26, 105 S.Ct. 2084, 85 L.Ed.2d 434 (1985); Dan M. Kahan, Ignorance of Law Is an Excuse — But Only for the Virtuous, 96 Mich. L. Rev. 127, 150 (1997) (noting that “courts permit mistake of law as a defense [] selectively across malum prohibitum crimes”). For criminal statutes prohibiting “willful” violators, those cases together require proof that the defendant was aware that the conduct was unlawful.
In Bryan, the Supreme Court summarized the rule quite clearly: “[I]n order to establish a willful violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful.” 524 U.S. at 191-92, 118 S.Ct. 1939 (internal quotation marks omitted). Since Bryan, the Court has reiterated this formulation on several occasions. See also Safeco Ins. Co. of America v. Burr, 551 U.S. 47, 57 n. 9, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007) (“we have consistently held that a defendant cannot harbor such criminal intent unless he acted *704 with knowledge that his conduct was unlawful”) (internal quotation marks omitted); Dixon v. United States, 548 U.S. 1, 5, 126 S.Ct. 2437, 165 L.Ed.2d 299 (2006) (the term “willfully” “requires a defendant to have acted with knowledge that his conduct was unlawful”) (internal quotation marks omitted).*
It is true that our Court many years ago seemed to assume (in addressing a mens rea issue under a different statute) that proving the defendant’s knowledge of the law may not be required in § 1001 cases. See United States v. Hsia, 176 F.3d 517, 522 n. 3 (D.C.Cir.1999). In so doing, Hsia referenced a 1994 Third Circuit opinion that pre-dated the Supreme Court’s clarifying decisions in Bryan and later cases. That assumption may not endure in light of those subsequent Supreme Court precedents. In a future case, we therefore may need to consider the appropriate mens rea requirements and defenses for § 1001 prosecutions under those Supreme Court decisions.
Here, however, there is no legal obstacle to our affirming Moore’s § 1001 conviction: Moore did not contend that the term “willfully” in § 1001 requires proof of the defendant’s knowledge of the law, and he did not challenge the jury instructions on that basis. But in a case where the issue is raised, the Supreme Court’s precedents arguably require district courts in § 1001 cases to give a willfulness instruction that requires proof that the defendant knew his conduct was a crime. To be sure, in many false statements cases the Government will be able to easily prove that the defendant knew his conduct was unlawful. But in some cases, it will not be able to do so— and those of course are precisely the cases where it would seem inappropriate and contrary to § 1001’s statutory text to impose criminal punishment.

 To say that the Government must prove the defendant knew the conduct was a crime is not necessarily to say that the Government must prove the defendant knew the specific code provision proscribing the conduct, except with respect to certain highly technical statutes. See Bryan, 524 U.S. at 194, 118 S.Ct. 1939; cf. Ratzlaf, 510 U.S. at 141, 114 S.Ct. 655 (anti-structuring statute); Cheek, 498 U.S. at 200, 111 S.Ct. 604 (tax statute).